IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**DOUGLAS L. SMITH,**<br><br>    **Defendant.** | Case No. 04-20090-01-CM |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant's Motion to Dismiss (Doc. 61). Following a jury trial, after which defendant was convicted on Counts 1, 2, 3 and 5 of the superseding indictment, defendant moved to dismiss Count 5 of the superseding indictment (using or carrying firearms in connection with a drug trafficking offense) due to the alleged failure of the government to present any evidence sufficient to convict on the count.[1]

Defendant contends that, through counsel, he agreed to stipulate that the guns in this case were test-fired and functioned as designed, but the stipulation was never presented to the jury at any stage of the evidence in this case. The court instructed on the stipulation, but that occurred after the close of evidence. Defendant contends that the stipulation must have been presented to the jury prior to the close of all evidence in the case, and that providing a stipulation to the jury after the evidence was closed is insufficient for a finding of guilt. Defendant relies on a Ninth Circuit Court of Appeals opinion, *United States v.*

---

[1] Defendant also moved, at the close of evidence in his trial, to dismiss Count 5 for the same reasons set forth herein. The court denied defendant's motion at that time.

*James,* 987 F.2d 648 (9th Cir. 1993), in which the court reversed a conviction because the government failed to present evidence on an essential element of the crime, even though defendant had agreed to a stipulation on the issue. Notably, in the *James* case, the stipulation was never presented to the jury and the court did not instruct on the stipulation.

The government contends that there is sufficient evidence in the record to support the jury's verdict on Count 5, and that defendant stipulated on the record that the firearms functioned as designed. The government relies on an opinion from the District of Columbia, *United States v. Harrison*, 204 F.3d 236 (D.C. Cir. 2000), for its argument that defendant, by stipulating to a necessary element of the weapons charge, waived his right to contest the government's failure to introduce evidence on the stipulation. *Harrison* concurs with two other similar holdings from the Fifth and Eleventh Circuits in *United States v. Hardin*, 139 F.3d 813 (11th Cir. 1998), and *United States v. Branch*, 46 F.3d 440, 442 (5th Cir. 1995).

The government further contends that, even if the court finds that defendant's stipulation to a necessary element of the weapons charge did not relieve the government of its burden to introduce evidence on the stipulation, there was sufficient evidence presented to the jury to support the verdict. Specifically, the government points out that during the trial: 1) Detective Schmidt testified that police recovered four loaded firearms from defendant's bedroom and another loaded firearm on the landing on the stairs in his residence; 2) defendant stipulated, in the presence of the jury, that the five firearms were not manufactured in Kansas; 3) Detective Schmidt testified that the loaded .22 caliber five shot Derringer handgun recovered from the defendant's bedroom was a firearm; 4) defendant, through his counsel, agreed to stipulate that all of the weapons used as evidence had been test-fired and that they fired accurately; 5) defendant's daughter testified that government's Exhibit 63, the handgun, was owned by her mother. She further testified that she

saw her mother and defendant shoot this gun on New Year's, only two weeks before the police conducted the search warrant at defendant's home; 6) the parties stipulated and prepared a jury instruction, Instruction 33, which stated that the firearms were all manufactured outside of the State of Kansas and would have traveled in interstate commerce prior to the date of defendant's arrest, and that the firearms functioned as designed. Instruction 33 was read to the jury. The government contends that, based on the totality of the evidence cited, the jury could reasonably have concluded that defendant fired the handgun only a few weeks prior to his arrest, and thus at least one, if not all, of the five loaded firearms the defendant possessed functioned as designed.

Having considered the parties' arguments and authorities, the court denies defendant's motion. In Instruction 23, the jury was instructed that:

> In order to sustain its burden of proof for the crime of possessing a firearm during or in relation to drug trafficking crimes, as charged in Count 5 of the superseding indictment, the government must prove the following two elements beyond a reasonable doubt:
>
> FIRST: The defendant manufactured methamphetamine and maintained a drug-involved premises, as charged in Counts 1 and Count 3 of the superseding indictment; and,
>
> SECOND: The defendant unlawfully used or carried firearms, that is, a 12 gauge Winchester shotgun, serial number 185117, a .22 Magnum North American Arms Derringer handgun, serial number E051786, a 12 gauge Glenfield Model 778 shotgun, serial number A56273, a .30-30 Marlin Model 336W rifle, serial number 98004127 and a 20 gauge Bridge Company shotgun, serial number A745407 in furtherance of said offense.
>
> There are two theories under which a defendant can be convicted of this offense: using or carrying a firearm during and in relation to a drug trafficking crime or possessing a firearm in furtherance of a drug trafficking crime. It is not necessary for the government to prove both of these theories of the offense.

During the trial, the term "firearm" was defined for the jury in Instruction 25 as "any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive."

First, the court finds that "[i]t is well settled that a defendant, by entering into a stipulation, waives his right to assert the government's duty to present evidence to the jury on the stipulated element." *Harrison*, 204 F.3d at 240 (citing *United States v. Meade*, 175 F.3d 215, 223 (1st Cir. 1999); *United States v. Melina*, 101 F.3d 567, 572 (8th Cir. 1996); *United States v. Mason*, 85 F.3d 471, 472 (10th Cir. 1996); *United States v. Keck*, 773 F.2d 759, 769-70 (7th Cir. 1985); *United States v. Houston*, 547 F.2d 104, 107 (9th Cir. 1976)). Moreover, the court finds that the circumstances in the *James* case are distinguishable from this one. In the *James* case, the stipulation at issue was not received into evidence or read to the jury and was not a part of the record. 987 F.2d at 650. In the instant case, the stipulation, while not entered into evidence, was read to the jury, included in the jury instructions, and made part of the record.

Second, as the government noted in its argument, and as the court has summarized above, there was sufficient evidence presented to the jury, in addition to the parties' stipulation in Instruction 33 that "the firearms functioned as designed," to meet the elements of Count 5.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. 61) is denied.

Dated this 2nd day of November 2005, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**